# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALFA INTERNATIONAL SEAFOOD, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, Secretary of Commerce,[1] et al., <br><br> Defendants, <br><br> OCEANA, INC., NATURAL RESOURCES DEFENSE COUNCIL, INC., and CENTER FOR BIOLOGICAL DIVERSITY <br><br> Proposed Defendant-Intervenors | Case No. 1:17-cv-031 APM |

**[PROPOSED] ANSWER IN INTERVENTION**

Defendant-Intervenors Oceana, Natural Resources Defense Council (NRDC), and Center for Biological Diversity (CBD), through counsel, answer the complaint in this case dated January 6, 2017 as follows. The numbered paragraphs below correspond to the numbered paragraphs in the complaint. Defendant-Intervenors deny each and every allegation in the complaint that is not specifically admitted, answered, or otherwise responded to in this Answer.

1.      Admit that the National Marine Fisheries Service published a final rule on December 9, 2016, titled Magnuson-Stevens Fishery Conservation and Management Act; Seafood Import Monitoring Program.  Deny the remaining allegations as plaintiffs' characterization of the final rule and aver that the contents of the final rule are identified in the document itself.

---

[1] Wilbur Ross is substituted for Penny Pritzker as Secretary of Commerce pursuant to Fed. R. Civ. P. 25(d).

1

2. Admit the allegations in footnote 1. Deny the remaining allegations as plaintiffs' characterization of the final rule and aver that the contents of the final rule are identified in the document itself.

3. Deny.

4. Lack knowledge or information sufficient to form a belief as to the allegations in the first and last sentences, and therefore deny. Deny the remaining allegations as plaintiffs' characterization of the referenced reports and documents and aver that the contents of reports and documents are identified in the documents themselves.

5. Deny because plaintiffs have not invoked the judicial review provisions of the Magnuson-Stevens Act, 16 U.S.C. § 1855(f). The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

6. Lack knowledge or information sufficient to form a belief, and therefore deny.

7. Lack knowledge or information sufficient to form a belief, and therefore deny. Admit only that imports of blue crab are subject to the traceability requirements of the challenged rule. Deny the remaining allegations as plaintiffs' characterization of the final rule and aver that the contents of the final rule are identified in the document itself..

8. Lack knowledge or information sufficient to form a belief, and therefore deny.

9. Lack knowledge or information sufficient to form a belief, and therefore deny. Deny that the cited comments filed by plaintiff West Coast Seafood Processors Association detailed costs purportedly imposed by the challenged rule.

10. Lack knowledge or information sufficient to form a belief, and therefore deny.

11. Lack knowledge or information sufficient to form a belief, and therefore deny. Further deny the allegations as plaintiffs' characterization of the final rule and plaintiffs'

comments on the rulemaking process and aver that the contents of the final rule and plaintiffs' comments are identified in the documents themselves.

12. Lack knowledge or information sufficient to form a belief, and therefore deny.

13. Lack knowledge or information sufficient to form a belief, and therefore deny. Further deny the allegations as plaintiffs' characterization of the final rule and plaintiffs' comments on the rulemaking process and aver that the contents of the final rule and plaintiffs' comments are identified in the documents themselves.

14. Lack knowledge or information sufficient to form a belief, and therefore deny.

15. Deny, except admit that the National Marine Fisheries Service (NMFS) is an agency within the National Oceanic and Atmospheric Administration, and admit that NMFS published the challenged rule. Aver that Wilbur Ross is the Secretary of Commerce.

16. Deny.

17. Deny, except admit that NMFS published the challenged rule.

18. Deny, except admit that Samuel D. Rauch III is the Deputy Assistant Administrator for Regulatory Programs at NMFS and signed the challenged rule, and aver that he is also serving as the Acting Deputy Assistant Secretary for International Fisheries and performing the duties of Assistant Administrator for NOAA Fisheries.

19. Deny on the basis that the allegations are too vague to permit an answer.

20. Deny the allegations as plaintiffs' characterization of the referenced United Nations agreements and other documents and aver that the contents of these agreements and documents are identified in the documents themselves. Lack knowledge or information sufficient to form a belief as to all remaining allegations in this paragraph, and therefore deny.

21. Admit only that the United Nations Food and Agriculture Organization approved an Agreement on Port State Measures to Prevent, Deter and Eliminate Illegal, Unreported and Unregulated Fishing, and that in 2015 the United Nations resolved to negotiate a new agreement related to biological diversity of marine areas.  Deny all remaining allegations as plaintiffs' characterization of several United Nations agreements and documents and aver that the contents of these agreements and documents are identified in the documents themselves.

22. Admit that certain regional fisheries management organizations have adopted certain conservation and management measures that relate to illegal, unreported, and unregulated fishing.  Deny all remaining allegations on the basis that the allegations are too vague to permit an answer.

23. Deny the last sentence on the basis that the allegations are too vague to permit an answer.  Lack knowledge or information sufficient to form a belief regarding all remaining allegations, and therefore deny.  To the extent the allegations include plaintiffs' characterization of the referenced 2009 agreement, aver that the contents of that agreement and the referenced documents are identified in the documents themselves.

24. Deny the first sentence on the basis that the allegations are too vague to permit an answer.  Deny the last sentence.  The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

25. Admit, except deny the statement "apart from the concept of a traceability mandate."

26. Admit that Congress enacted and the President signed the Illegal, Unreported, and Unregulated Fishing Enforcement Act of 2015. Admit that the United States ratified the Agreement on Port State Measures to Prevent, Deter and Eliminate Illegal, Unreported and

Unregulated Fishing.  Deny the remaining allegations on the basis that the allegations are too vague to permit an answer.

27. Lack knowledge or information sufficient to form a belief regarding the allegations in the first and third sentences, and therefore deny.  Admit only that Global Fishing Watch is a free satellite-based system created by Oceana, SkyTruth, and Google, which can identify the location of fishing vessels that transmit Automatic Identification System data and which makes that data publically available to allow anyone to monitor the movements of those vessels, and deny the remaining allegations in the second sentence.

28. Admit that NMFS published 80 Fed. Reg. 24, 246 (Apr. 30, 2015) and that the agency received 155 comments in response to that Federal register notice.  Deny the remaining allegations in this paragraph.

29. Deny the first sentence as plaintiffs' characterization of the referenced Notice and aver that the contents of the Notice are identified in the documents itself.  Deny the allegations in the second sentence

30. Admit that the four principles cited are among the relevant factors proposed by NMFS to determine whether species are at risk of illegal, unreported, or unregulated fishing or seafood fraud.  Deny all remaining allegations as plaintiffs' characterization of the Notice and aver that the contents of the Notice are identified in the document itself.

31. Deny.

32. Deny, except admit that NMFS extended the referenced comment period deadline from September 2, 2015 to September 11, 2015.

33. Deny, and aver that the New Zealand Ministry for Primary Industries and Ministry of Foreign Affairs and Trade filed comments dated August 31, 2015 and posted September 2, 2015. Aver that the contents of the comments are identified in the document itself.

34. Deny plaintiffs' characterization of the referenced Notice of Determination, except admit that NMFS published a final notice on October 30, 2015, and aver that the contents of the notice are identified in the document itself.

35. Deny plaintiffs' characterization of the referenced Notice of Determination, and aver that the contents of the notice are identified in the document itself.

36. Deny plaintiffs' characterization of the referenced Notice of Determination, and aver that the contents of the notice are identified in the document itself.

37. Deny the allegations in the first sentence. Deny the remaining allegations as plaintiffs' characterization of the Notice of Determination, and aver that the contents of the Notice are identified in the document itself.

38. Deny plaintiffs' characterization of the proposed rule, except admit that NMFS published a proposed rule on February 5, 2016, and aver that the contents of the proposed rule are identified in the document itself.

39. Deny plaintiffs' characterization of the proposed rule in the first, second, third, and fifth sentences, and aver that the contents of the proposed rule are identified in the document itself. Deny the allegations in the fourth sentence on the basis that the allegations are too vague to permit an answer. Deny plaintiffs' characterization of the referenced comment document in the sixth sentence, and aver that the contents are identified in the document itself.

40. Deny plaintiffs' characterization of the proposed rule, and aver that the contents of the proposed rule are identified in the document itself.

41. Deny, except admit that the proposed rule identified certain proposed traceability and recordkeeping requirements and aver that the contents of the proposed rule are identified in the document itself.

42. Deny plaintiffs' characterization of the proposed rule, and aver that the contents of the proposed rule are identified in the document itself.

43. Deny plaintiffs' characterization of the proposed rule, and aver that the contents of the proposed rule are identified in the document itself.

44. Deny plaintiffs' characterization of the proposed rule, and aver that the contents of the proposed rule are identified in the document itself. Deny the second, third, and fourth sentences on the basis that the allegations are too vague to permit an answer.

45. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

46. Admit that NMFS prepared an Initial Regulatory Flexibility Analysis (IRFA) under the Regulatory Flexibility Act (RFA) and aver that the contents of the IRFA are identified in the document itself. The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

47. Deny, except admit that NMFS did not publish the IRFA in the Federal Register and aver that the RFA does not require such publication.

48. Deny plaintiffs' characterization of data or tables alleged to appear on the Office of Management and Budget website and aver that the contents of the tables are identified the tables themselves.

49. Lack knowledge or information sufficient to form a belief regarding the allegations in the eighth, ninth, tenth, and eleventh sentences, and therefore deny. Deny the

allegations in the fourth and fifth sentences on the basis that the allegations are too vague to permit an answer.  Deny all remaining allegations.

50. Deny plaintiffs' characterization of the proposed rule in the first and seventh sentences, and aver that the contents of the proposed rule are identified in the document itself. Lack knowledge or information sufficient to form a belief regarding the allegations in the second, third, fourth, fifth, and sixth sentences, and therefore deny.

51. Admit that more than 100 comments were filed in response to the proposed rule, including comments by the listed countries.  Admit that the Small Business Administration's Office of Advocacy filed a comment letter.  Aver that the contents of the comments are identified in the documents themselves.  Deny all remaining allegations.

52. Deny, except admit that NMFS published a final rule on December 9, 2016.

53. Deny plaintiffs' characterization the final rule and aver that the contents of the rule are identified in the document itself.

54. Deny plaintiffs' characterization of the Final Regulatory Flexibility Analysis (FRFA) and aver that the contents of the FRFA are identified in the document itself.

55. Deny plaintiffs' characterization of the IFRA and FRFA and aver that the contents of the IFRA and FRFA are identified in the documents themselves.

56. Deny plaintiffs' characterization of the FRFA and the final rule and aver that the contents of the FRFA and the final rule are identified in the document themselves.

57. Lack knowledge or information sufficient to form a belief, and therefore deny. Further deny the allegations in the fourth, fifth, sixth, and seventh sentences on the basis that the allegations are too vague to permit an answer.

58. Deny plaintiffs' characterization of the FRFA, and aver that the analysis contained in the FRFA is identified in the document itself. Deny all remaining allegations.

59. Deny plaintiffs' characterization of the FRFA and the final rule, and aver that the analysis and content contained in the FRFA and the final rule are identified in the documents themselves.

60. Lack knowledge or information sufficient to form a belief regarding the allegations in the third and fourth sentences, and therefore deny. Deny all remaining allegations on the basis that the allegations are too vague to permit an answer.

61. Deny plaintiffs' characterization of the RFA, FRFA, and cited public comments, and aver that the requirements of the RFA and the information contained in the FRFA and cited public comments are reflected in the documents themselves.

62. Deny plaintiffs' characterization of the final rule and cited public comments, and aver that the information contained in the final rule and cited public comments are reflected in the documents themselves.

63. Deny.

64. Deny plaintiffs' characterization of the final rule and cited public comments, and aver that the information contained in the final rule and cited public comments are reflected in the documents themselves. The allegations contained in the seventh sentence states legal conclusions to which no response is required. To the extent a response is required, deny. Lack knowledge or information sufficient to form a belief regarding the allegations in the eighth sentence, and therefore deny.

65. Deny plaintiffs' characterization of the final rule and aver that the contents final rule are identified in the document itself. Deny all remaining allegations.

66. Lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence, and therefore deny. The allegations contained in the third and fourth sentences state legal conclusions to which no response is required. Deny all remaining allegations.

67. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

68. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

69. Deny.

70. Deny.

71. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

72. The allegations in the first sentence state legal conclusions to which no response is required. To the extent a response is required, deny. Deny the second sentence.

73. Deny.

74. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

75. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

76. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

77. Deny.

78. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

79. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

80. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

81. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

82. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

83. The allegations in the first and second sentences state legal conclusions to which no response is required. To the extent a response is required, deny. Deny the allegations in the third sentence.

84. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

85. Lack knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences, and therefore deny. Deny all remaining allegations.

86. Deny plaintiffs' characterization of information alleged to appear in an Office of Management and Budget document, and aver that the contents of that document are reflected in the document itself.

87. Deny plaintiffs' characterization of the FRFA and final rule in the first, third, and fourth sentences, and aver that the contents of those documents are reflected in the documents themselves. Deny all remaining allegations.

88. Lack knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences, and therefore deny. Deny all remaining allegations.

89. The allegations in the first, fourth, and fifth sentences state legal conclusions to which no response is required. To the extent a response is required, deny. Lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence, and therefore deny. Deny the allegations in the third sentence and all remaining allegations.

90. Deny.

91. Incorporate by reference the responses in the corresponding paragraphs in this Answer.

92. The allegations state legal conclusions to which no response is required. To the extent a response is required, deny.

93. Deny plaintiffs' characterization of the final rule in the first sentence, and aver that the contents of the final rule are reflected in the document itself. The allegations in the fourth sentence state legal conclusions to which no response is required. To the extent a response is required, deny. Deny all remaining allegations.

94. Deny.

95. The remaining allegations contained in the complaint consist of plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant-Intervenors deny that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

Defendant-intervenors deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

<u>First Defense</u>

Waiver.

<u>Second Defense</u>

Some or all of Plaintiffs' claims are barred by the statute of limitations.

<u>Third Defense</u>

Lack of subject matter jurisdiction.

<u>Fourth Defense</u>

Count Six in the complaint fails to state a claim upon which relief may be granted.

**AVERMENTS**

Defendant-Intervenors aver as follows:

1. The challenged rule serves to reduce the extent and likelihood of illegal, unreported, and unregulated fishing and seafood fraud.

2. Defendant-Intervenor organizations, and members of the Defendant-Intervenor organizations, benefit from the challenged rule and would be harmed by an order vacating or remanding the rule.

3. Members of the Defendant-Intervenor organizations include individuals who want to limit their consumption of seafood to products that are sustainably caught and not illegally caught or fraudulently represented in the marketplace, and that are not linked to the human trafficking or forced labor that is correlated with illegal fishing. The challenged rule protects and advances these members' interests in making informed consumer choices about the seafood they eat. Vacating or remanding the rule would harm those interests.

4. Members of the Defendant-Intervenor organizations include individuals who derive recreational and aesthetic enjoyment, or scientific and professional value, from observing or studying in the wild some of the priority species identified in the final rule. Vacating or remanding the rule would harm those recreational, aesthetic, scientific, and professional interests.

5. Members of the Defendant-Intervenor organizations include individuals who derive recreational and aesthetic enjoyment, or scientific and professional value, from observing or studying in the wild species that are harmed by bycatch associated with illegal, unreported, and unregulated fishing of the priority species identified in the final rule. Vacating or remanding the rule would harm those recreational, aesthetic, scientific, and professional interests.

WHEREFORE, Defendant-Intervenors respectfully request that the Court dismiss the complaint with prejudice, enter judgment in favor of the defendants, and grant such further relief as the Court deems just and proper.

March 7, 2017

Respectfully submitted,

/s/ Aaron Colangelo
Aaron Colangelo (DC Bar No. 468448)
Jared E. Knicley
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Phone: 202-289-2376
Fax: 415-795-4799
acolangelo@nrdc.org
jknicley@nrdc.org

*Attorneys for Defendant-Intervenor-Applicant Natural Resources Defense Council*

Stephen D. Mashuda
*Pro Hac Vice Pending*

Earthjustice
705 2nd Ave., Suite 203
Seattle, WA 98104
Phone: 206-343-7340
Fax: 206-343-1526
smashuda@earthjustice.org

Christopher D. Eaton
*Pro Hac Vice Pending*
Earthjustice
633 17th St., Suite 1600
Denver, CO 80202
Phone: 303-623-9466
Fax: 303-623-8083
ceaton@earthjustice.org

*Attorneys for Defendant-Intervenor-Applicant Oceana*

Sarah Uhlemann
D.C. Bar No. 501328
Center for Biological Diversity
2400 NW 80th Street, #146
Seattle, WA 98117
Phone: 206-327-2344
suhlemann@biologicaldiversity.org

*Attorney for Defendant-Intervenor-Applicant Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2017, I electronically filed the foregoing [Proposed] Answer In Intervention with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

Dated: March 7, 2017            Respectfully submitted,

/s/ Aaron Colangelo
Aaron Colangelo (DC Bar No. 468448)
Jared E. Knicley
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Phone: 202-289-2376
Fax: 415-795-4799
acolangelo@nrdc.org
jknicley@nrdc.org